STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

06-1394

SHAMOINDRA MANNING

VERSUS

EDGAR G. BARRILLEAUX, ET AL.

**********
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2004-0981-K
HONORABLE PATRICK L. MICHOT, DISTRICT JUDGE
**********

GLENN B. GREMILLION
JUDGE

**********

Court composed of John D. Saunders, Glenn B. Gremillion, and J. David Painter, Judges.

SAUNDERS, J., dissents.

AFFIRMED.

Bobby L. Stromile
P.O. Box 5211
Bossier City, LA 71171-5211
(318) 741-2422
Counsel for Plaintiff/Appellant:
    Shamoindra Manning

**Byron A. Richie**
**Charles V. Richie**
**Paul D. Oberle, Jr.**
**Richie, Richie & Oberle**
**P. O. Box 44065**
**Shreveport, LA 71134**
**(318) 222-8305**
**Counsel for Defendant/Appellee:**
     **Imperial Fire and Casualty Ins. Co.**
     **Carrie Barrilleaux**
     **Edgar G. Barrilleaux**

**M. Robert Voitier, Jr.**
**Caffery Plaza, Suite 100**
**4023 Ambassador Caffery Pkwy**
**Lafayette, LA 70503**
**(337) 988-7240**
**Counsel for Defendant/Appellee:**
     **Safeway Ins. Co. of Louisiana**

**Keith M. Borne**
**Borne & Wilkes, L.L.P.**
**P. O. Box 4305**
**Lafayette, LA 70502-4305**
**(337) 232-1604**
**Counsel for Defendant Appellee:**
     **Safeway Ins. Co. of Louisiana**

GREMILLION, Judge.

In this case, the plaintiff, Shamoindra Manning, appeals the trial court's judgment awarding her $1,000 in general damages. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Manning filed suit in February 2004, following a motor vehicle accident in which she was the guest passenger in a vehicle driven by Chinkesha Taylor who was insured by Safeway, one of many defendants. The Taylor vehicle was impacted by a vehicle driven by Edgar G. Barrilleaux. Following a trial in February 2006, the trial court found in favor of Manning and against Safeway and awarded Manning $2,684.44 for medical bills and expenses and $1,000 for general damages. It further found against Taylor and in favor of Barrilleaux and his insurer. Manning now appeals and assigns as error the trial court's award of only $1,000 in general damages.

## GENERAL DAMAGES

General damages include an award for the victim's pain and suffering, and as such, are intrinsically speculative and not subject to mathematical certainty. *Wainwright v. Fontenot*, 00-0492 (La. 10/17/00), 774 So.2d 70. We review the trial court's general damage award using the abuse of discretion standard set forth in *Coco v. Winston Industries, Inc.*, 341 So.2d 332 (La.1976). The trier of fact is afforded much discretion in independently assessing the facts and rendering an award because it is in the best position to evaluate witness credibility and see the evidence firsthand. *Anderson v. New Orleans Pub. Serv., Inc.,* 583 So.2d 826 (La.1991). The award should be based on the facts and circumstances of the particular case. *Id.* Only if we

1

find that the trier of fact abused its discretion, may we lower to the highest reasonable amount or raise the award to the lowest reasonable amount and resort to prior awards to the extent that is reasonably within our discretion. *Youn v. Maritime Overseas Corp.,* 623 So.2d 1257 (La.1993), *cert. denied,* 510 U.S. 1114, 114 S.Ct. 1059 (1994).

At the conclusion of the trial, the trial court stated with regard to damages:

> As far as damages are concerned, the plaintiff went to the – She said she was in extreme pain after the accident. The emergency room record circled moderate pain, a five (5) on a one (1) to ten (10), and X-rayed the ribs and showed a bruise of the left flank. She was complaining – in court and also to Dr. Sarpy, about other areas, but immediately after the accident or the next day, or let's say several hours later in the morning when it got daylight, that's what her complaints were.
>
> She testified that she had two-and-a-half (2-1/2) to five (5) months of pain. The emergency room also only notes pain to the scapula area. She claimed that her back hurts when she washes dishes and it still hurts today even though Dr. Sarpy discharged her on May 19th of '03. And I found Dr. Sarpy's records interesting because he said that he told the plaintiff to return for weekly visits so he could report to the attorney. That's what he said. I find that's a little bit excessive doctor visits for this minor of an injury and this minor of an accident. However, I'm still going to award all of plaintiff's medical – past medical expenses, two thousand six hundred eighty-four dollars and forty-four cents ($2,684.44). Dr. Sarpy did state there was no permanent injury and discharged her May 19th of 2003.
>
> The court finds the plaintiff had poor credibility. The evidence showed it was a very minor impact. As far as the damages, she said she could not do the housework or pick up her baby almost a year after the accident when her other baby was born, yet – and that was (8) months after she was discharged by the doctor, yet she was able to get pregnant within two (2) months after the accident and have a child. So the court feels an appropriate amount of general damages to be thousand dollars ($1,000.00).

Manning, who was seventeen at the time of the accident, testified that she and some friends were returning from a basketball game when she was hit from

behind, "knocked down the road a little," and hit again from the side. She stated that the police came and she and her friends were able to drive away and return to the Comfort Inn where they were staying. Manning testified that as she was getting ready to go to bed, she started hurting all of sudden in her back and neck. She stated the pain was severe. She testified that the next morning she went to the hospital and was prescribed Tylenol III, but that she did not get the prescription filled. She stated that once she returned home she went to the emergency room at Willis Knighton where X-rays were performed. She stated that they did not give her any medication, but told her to move around as much as possible.

Manning testified that she next saw Dr. Sarpy, at her attorney's referral, on March 12, 2003, and continued seeing him twice a week for about three months until her discharge on May 19, 2003. She testified that she was having continued low back pain and that Dr. Sarpy administered heat massage and stimulation treatment. Manning testified that her daily activities were limited in that she could not stand or lay down for a long period of time. Manning stated she was in constant severe pain for the first three or four weeks following the accident. She stated that she did not have any back problems prior to the accident. Manning testified that she was never prescribed any medications other than Tylenol.

Manning testified that she has not returned to see Dr. Sarpy since she was discharged from his care. She further testified that she has two children, one born before the accident and one born following the accident in January 2004.

Pamela Johnson, Manning's mother, testified that when her daughter returned home the day after the accident she was crying a lot and her neck and back

3

were hurting. Johnson stated that prior to the accident Manning cared for her son, who has cerebral palsy, but that after the accident, she mostly took care of him. She further stated that Manning helped around the house, but after the accident she was limited in her activities. Johnson stated that Manning did not visit with friends and was not as outgoing for a period of three to four months following the accident. However, she admitted that Manning got pregnant within one month following the accident. Quinton Johnson, Manning's father, essentially reiterated his wife's testimony.

Having reviewed the testimony and medical records submitted into evidence, we cannot say the trial court abused its discretion in awarding Manning $1,000 in general damages. Clearly, the trial court found that Manning lacked credibility, which was a reasonable conclusion based on the evidence. Manning claimed to be in severe constant pain from this very minor accident for a period of four weeks, yet, she was able to engage in sexual relations and become pregnant within one month following the accident. Moreover, the emergency room records are inconsistent with her later claims. We find the trial court's award in this case, while on the low side, is still appropriate considering that Dr. Sarpy's own comments could reasonably lead one to conclude that these symptoms were exaggerated or prolonged for litigation purposes.

**CONCLUSION**

The judgment of the trial court awarding the plaintiff-appellant, Shamoindra Manning, $1,000 in general damages is affirmed. All costs of this appeal are assessed against Manning.

**AFFIRMED.**

4